```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :       CRIMINAL ACTION
                                :       NO. 07-421
         v.                     :
                                :       CIVIL ACTION
TYREE WAY                       :       NO. 08-4288
```

MEMORANDUM

Bartle, C.J.                                       December 31, 2009

      Before the court is the motion of Tyree Way ("Way") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that he had ineffective assistance of counsel at his trial.

      On February 13, 2008, Way was found guilty by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was sentenced to 84 months of imprisonment. Way filed a pro se notice of appeal on May 1, 2008, well beyond the then 10-day limitation set forth under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure. On March 3, 2009, the Court of Appeals dismissed his untimely appeal without prejudice.

      On September 5, 2008, prior to dismissal of his appeal, Way filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Having failed to use the standard form for a motion under 28 U.S.C. § 2255, Way was directed to resubmit his motion on the correct form. He did so on September 25, 2008. The court held his motion in abeyance until the Court of Appeals ruled on the timeliness of his notice of appeal. Once the Court

of Appeals acted, this court appointed counsel for Way and, thereafter, held an evidentiary hearing to resolve any and all factual disputes arising from the claims set forth in Way's motion.

I.

The underlying facts, as established through trial testimony, are as follows. On the afternoon of April 3, 2007, Way was traveling the wrong way down a one-way street on his motorcycle when he collided with a car driven by Corey Hunter ("Hunter"). Hunter immediately placed a call to 911, and medical personnel rushed Way to the emergency department of Temple University Hospital where he was treated for leg and abdominal injuries. As Dr. Michael Thomas was removing Way's clothing to prepare him for treatment, Dr. Thomas discovered a loaded Hi-Point 9mm semiautomatic handgun hidden in Way's pants. Immediately, Dr. Thomas sought assistance from a Temple University Police Officer, who removed the weapon and took it to the Philadelphia Firearms Identification Unit ("FIU"). Upon inspection by the FIU, the gun was found to be in working order and to have traveled in interstate commerce.

On July 24, 2007, Way, a convicted felon, was charged by indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). A jury trial was held on October 30 and 31, 2007 during which Way testified. Way raised the defense of justification. He testified that, on April 3, 2007, he was riding his motorcycle when he happened upon

a group of young children playing in the street.  As he approached the children, he realized that one of them was about to pick up a handgun which was lying on the ground.  Way, concerned for their safety, picked up the gun, placed it in his pocket, and rode off with the intention to turn the gun over to the police.  According to Way, he was on his way to a police station when he crashed into Hunter's car.  However, there was also evidence that, at the time of the crash, Way was driving away from, and not toward, the police station.  The jury did not believe Way's story and found him guilty.

II.

Way filed the instant motion pursuant to 28 U.S.C. § 2255, which provides in relevant part,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  As noted above, Way argues he is entitled to relief due to the ineffective assistance of counsel.

To succeed with such a claim, the two-part standard developed by the United States Supreme Court in <u>Strickland v. Washington</u> requires a petitioner to establish:  (1) the performance of counsel was deficient, and (2) he was prejudiced by this deficiency.  466 U.S. 668, 687 (1984).  First, counsel's conduct must "[fall] below an objective standard of reasonableness" such that "he was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> at 687-88; <u>United States v. Shedrick</u>, 493 F.3d 292, 299 (3d Cir. 2007). Courts are "highly deferential" when assessing the performance of trial counsel, and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689. Second, a petitioner must have suffered actual prejudice as a result of counsel's inadequate performance. <u>Id.</u> at 687; <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992). He must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." <u>Id.</u>

Way bases his claim of ineffective assistance of counsel on a number of grounds. First, he contends that he timely requested his counsel to file a notice of appeal but that counsel failed to do so. A claim that a lawyer was constitutionally ineffective because of a failure to file a notice of appeal is analyzed according to the <u>Strickland</u> standard. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000). Under that standard, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." <u>Id.</u> If counsel fails to file a requested appeal, the defendant "is entitled to resentencing and appeal without showing that his appeal would

likely have had merit."  Peguero v. United States, 526 U.S. 23, 28 (1999) (citing Rodriquez v. United States, 395 U.S. 327, 329-30 (1969)).  As explained by our Court of Appeals in Velazquez v. Grace, the failure to file a requested appeal is itself sufficient to establish prejudice under Strickland.  277 Fed. Appx. 258, 261 (3d Cir. 2008); see also, Shedrick, 493 F.3d at 301-02.

In cases where the defendant has not clearly instructed counsel to file an appeal, counsel's failure to file a notice of appeal is unreasonable only when counsel fails to consult with the defendant in the face of a duty to do so.  Flores-Ortega, 528 U.S. at 478.  Counsel's duty to consult with the defendant regarding appeal arises when counsel has reason to believe that "a rational defendant would want an appeal" or when the particular defendant at issue "reasonably demonstrated to counsel that he was interested in appealing."  Id. at 480.  Finally, to meet Strickland's prejudice requirement, a petitioner must also "demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."  Id. at 484.

As a preliminary matter, we note that Way was aware of his right to appeal.  At the conclusion of sentencing, this court advised Way of his right to do so, explained that counsel would be appointed for him if necessary, and told him that, if he wished to appeal, he could inform the deputy clerk and she would enter a notice of appeal on his behalf.  He was also informed of

the time limit for filing a notice of appeal. During the evidentiary hearing on his pending § 2255 motion, when asked whether he understood his right to appeal at the time of sentencing, Way said he understood that "if I went to trial ... I had the right to file my direct appeal."

Way maintains that, immediately following sentencing, he instructed his trial attorney, Gregory Pagano ("Mr. Pagano"), to file an appeal, that Mr. Pagano indicated to Way that he would do so, but that Mr. Pagano did not file the appeal as instructed. We held an evidentiary hearing during which we heard testimony from Way, Mr. Pagano, Sherri Griffin ("Griffin") who is Way's mother, and Michael Way who is Way's brother. After reviewing the contents of the pending § 2255 motion, the affidavits attached thereto, and the testimony provided during the evidentiary hearing, we find that Way has not met the Strickland standard for establishing constitutionally ineffective assistance of counsel on this issue.

In his motion, Way states that Mr. Pagano "was advised on numerous occasions before and after the sentencing that an appeal would be taken." Way's testimony at the evidentiary hearing, however, was more equivocal. Way testified that the only specific time he could remember asking Mr. Pagano to file a notice of appeal was immediately after sentencing while he and Mr. Pagano were still in the courtroom sitting at defense table. Way testified that his mother, Griffin, approached defense table and asked Way whether he intended to appeal his conviction. Way

claims that he responded affirmatively and then turned to Mr. Pagano, who was "flipping through some paperwork," and asked Mr. Pagano whether he was going to file a notice of appeal. According to Way, Mr. Pagano responded by nodding his head.

Way attached to his § 2255 motion an affidavit of his mother, Griffin, in which she stated that Way "specifically directed his attorney (Mr. Gregory Pagano) to file an appeal" and that she "heard [Way] tell Mr. Pagano to appeal his case and counsel stated that an appeal would be taken." (emphasis added). This appears to contradict Way's testimony that Mr. Pagano made no statement regarding whether he was to file an appeal, but merely nodded his head. It also flatly contradicts Griffin's testimony at the hearing, in which she admitted that she never heard Mr. Pagano say he would file a notice of appeal.

During his testimony at the evidentiary hearing, Mr. Pagano stated that he had no specific recollection of any request, or absence of a request, by Way to file a notice of appeal. Nonetheless, he testified that, although he does not personally handle appeals, it has been his regular practice, for seventeen years, to help his clients file a pro se notice of appeal while the client obtains appellate counsel. When asked the reason he did not file a pro se notice of appeal on behalf of Way in this case, he said it was because Way did not ask him to do so.

After considering the entire record and observing the demeanor of the various witnesses, we find Mr. Pagano believable

and Way, his mother, and his brother not believable.  There is no credible evidence that Way ever requested Mr. Pagano to file a notice of appeal.

In addition, Way has also failed to demonstrate that Mr. Pagano neglected to fulfill his duty to offer consultation regarding the appeal as required by <u>Flores-Ortega</u>.  Mr. Pagano recalled that prior to sentencing he did consult with Way about the possibility of appeal and informed Way that any appeal would likely be unsuccessful.  Despite these misgivings, Mr. Pagano stated that he would have filed a notice of appeal had Way requested him to do so.  Again, we find Mr. Pagano credible.

Accordingly, Way has not established that his counsel was ineffective for not filing a notice of appeal.

Next, Way contends counsel's pre-trial investigation was inadequate.  First, Way claims to have instructed counsel to interview his aunt and cousin, who, according to Way, would have testified that Way was not in possession of a firearm when he left their home shortly before the accident.  Second, Way suggests that counsel should have returned to the area where Way claimed to have found the gun in order to search for possible witnesses.

As the Court noted in <u>Strickland</u>, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  <u>Strickland</u>, 466 U.S. at 691.  When examining the reasonableness of counsel's decision not to investigate, courts "apply[] a heavy

measure of deference to counsel's judgments." Id. However, even an unreasonable error by counsel "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. Accordingly, counsel's failure to investigate is not ineffective under Strickland unless the petitioner can demonstrate a reasonable probability that, had counsel investigated, he would have discovered evidence which would have changed the outcome of the case. Id. at 699-700.

Way has presented no evidence to corroborate the accusations in his motion that his counsel failed to interview his aunt and cousin or investigate the scene of the accident. However, even if we assume Way's allegations are accurate, he has not presented an affidavit or statement from his aunt or cousin to corroborate his bald assertions. He has simply failed to demonstrate a reasonable probability that this lack of investigation, if true, affected the outcome of his case.[1]

Way's contention that his counsel was ineffective in failing to investigate and call as witnesses any of the children who where playing near the abandoned firearm or anyone who may have seen what occurred is likewise without merit. Again, Way has come forward with no evidence that there were any such witnesses. At trial, the government's evidence overwhelmingly established Way's guilt. It is not reasonably probable that

---

1. Because we find that counsel's alleged failure to investigate did not prejudice Way, we need not reach the issue of reasonableness. United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005).

further investigation by counsel would have altered the outcome of his trial.

Next, Way claims that counsel was constitutionally ineffective for providing an erroneous sentencing prediction. According to Way, counsel estimated that Way would receive a sentence of 36 to 60 months imprisonment, when, in fact, Way was sentenced to a term of 84 months in prison. Even assuming counsel made such a prediction, it was simply that, and not a statement as to what sentence would actually have been imposed. Moreover, Way fails to explain how this alleged underestimation caused him prejudice. He does not claim that an estimate of 84 months would have prompted him to plead guilty or otherwise alter his defense strategy. Without establishing prejudice, Way cannot succeed in his claim of ineffective assistance of counsel under Strickland.

Way further contends that counsel unilaterally waived his right to a twelve-member jury and his right to be present during voir dire. Way is wrong. He was tried before a twelve-member jury and was present during voir dire.

Way raises a number of other grounds to support his claim of ineffective assistance of counsel. After careful consideration, we find that these additional grounds are without merit and do not warrant further discussion.

For the reasons stated above, the motion of Tyree Way pursuant to 28 U.S.C. § 2255 will be denied.